# Appeal of John L. Alston et al.

Testator devised his real and personal estate to his brother for life, and on his brother's death "the real estate to be divided amongst my legal heirs, share and share alike." *Held*, that the testator's intention was that his legal heirs should share alike, in accordance with the statutes of distribution and therefore *per stirpes*.

(Argued October 27, 1887. Decided November 7, 1887.)

October Term, 1887, No. 92, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Appeal from a decree of the Orphans' Court of Allegheny County dismissing a bill of review and refusing to decree partition *per capita* among the devisees of Samuel Kingan, deceased. Affirmed.

A petition for the partition of the real estate devised by Samuel Kingan, was presented by or on behalf of:

1. Robert Kingan, Jane Boreland, Elizabeth Bentz, Mary K. Hautch, Amanda Hutchman, Wm. T. Kingan,—children of William, who died before his brother, the testator;

2. J. K. Lemon, Mary VanHorn, James Brownlee, Jr., and James Brownlee, Sr., James H., William L., Archibald M., John L., Charles W. and Mary A. Alston. Said Lemon was a son of Mary Lemon, who died before her brother, the testator, the next three being surviving husband and only issue of her daughter, who died after the testator, and the last six being children of another of her daughters who died before the testator.

3. Mary Elder, Margaret R. Greaves, A. W. Kingan, Robert

NOTE.—Where the parties entitled to take stand in the same degree of consanguinity, they take *per capita*. Fister's Estate, 2 Woodw. Dec. 323; DeHaven's Estate, 1 Clark (Pa.) 336; Miller's Appeal, 40 Pa. 387; Krout's Appeal, 60 Pa. 380. But where of different degrees, then the distribution is *per stirpes*. Hoch's Estate, 154 Pa. 417, 26 Atl. 610. The act of April 27, 1855, provided that grandchildren of brothers and sisters, and children of uncles and aunts, should in all cases take *per stirpes*, though in the same degree. This rule was changed by the act of June 30, 1885, so as to conform with the principle stated as to other relations. Cremer's Estate, 156 Pa. 40, 26 Atl. 782. But this act did not repeal the act of 1855, in so far as it created new classes of collaterals, and the uncle cannot take to the exclusion of children of a deceased uncle, as would have been the case under the act of April 8, 1833. McConnell's Estate, 5 Pa. Super. Ct. 120.

Kingan, Elizabeth Crawford, Samuel Kingan. The five first named are children of John Kingan, who died before his brother, the testator. The sixth is the only issue of a deceased son of said John;

4. James Strain, Franklin Strain, Mary Wooley, Robert J. Strain, Harvey Strain, Nancy M. Harper, Margaret 'A. Crooks, E. M. Kinnear, Mary J. Williams, W. L. Kinnear, J. R. Kinnear, Emma Eaton, M. M. Kinnear. The six first named are children of Margaret Strain, who died before her brother, the testator, the seven last named being children of two of her daughters, who also died before the testator;

5. Hiram Rankin and Samuel J. Rankin, children of Elizabeth Rankin, who died after the testator, and whose husband, Simon Rankin, is also dead;

6. R. A. Kingan, S. J. Kingan, Mary W. Kingan, Maggie Kingan, Nancy J. Flake, children of James Kingan, who died before his brother, the testator;

7. Cyrus B. Hatch, only son of Jane L. Hatch, a sister of testator.

The petition stated that Samuel Kingan died August 5, 1877, unmarried, and without issue, domiciled in Allegheny county, and seised in fee simple of certain real estate in said county, particularly described in the petition. His will, proved on the 14th day of the same month, is made part of the petition. It is as follows:

"This is my will: That my brother, Robert Kingan, shall have and hold for his own special benefit all my property, real and personal, for and during his life; and at his, my brother Robert's death, the real estate to be divided amongst my legal heirs, share and share alike.     Samuel Kingan  [Seal.]"

The death of Robert, the life tenant, on the 17th day of February, 1885, was averred, and by his death the real estate devised became vested in petitioners in fee simple as tenants in common. Partition *per stirpes* was prayed. Partition was decreed accordingly; and the lands were divided into eight purparts by three persons nominated in the petition. All the parties refused to bid over or take at the valuation, and the several purparts were ordered to be sold. One sale was made and confirmed in the summer of 1886.

October 15, 1886, a petition for the amendment of the record

and decree was filed by John L., James H., W. L., Archibald M., Chas. W., and Mary A. Alston. This petition having been dismissed, after argument, a bill of review, embodying the same specifications of error, was filed by appellants.

The bill of review, after quoting the petition for partition, avers that it and the decrees predicated upon it, *viz.*, the decree for partition entered November 14, 1885, and that confirming the report, are erroneous upon their face, because:

1. By the will of Samuel Kingan, the *quantum* of the respective shares was equal in all those who answered the description of his heirs at law on the day of his death; to the contrary of what is averred in said petition;

2. The death of the life tenant did not affect the proportions in which the remaindermen held, but simply turned what was before a vested remainder into an estate in possession;

3. That the *per stirpes* decree had been procured by the fraud of those of the contestants who were interested in establishing the *per stirpes* interpretation of the will. In support of this it avers that they, well knowing that there was at least a question whether the partition should not be *per capita,* constituted themselves a "committee of the heirs," procured powers of attorney, and releases from those who were interested adversely; never made known to them that such a question existed; and left many of them in utter ignorance of the fact that there was a will; and that it was under these powers so obtained that this "committee" had instituted and conducted the partition proceedings;

4. That whether there was actual fraud or not, to permit the decree to stand would—if the interpretation insisted upon by complainants is correct—consummate a constructive fraud upon them;

5. That complainants had only lately and by accident discovered what their rights were, and had since been diligently trying to establish them.

6. That the parties are entitled under the will as follows:

Robert Kingan, Jane Boreland, Elizabeth Bentz, Mary K. Hautch, Amanda Hutchman, William T. Kingan, together, six fortieths; J. K. Lemon, one fortieth; Mary VanHorn and James Brownlee, Jr. (subject to the curtesy of James Brownlee, Sr.), together, one fortieth; the complainants, together, six fortieths; Mary Elder, Margaret R. Greaves, A. W. Kingan,

Robert J. Kingan, Elizabeth J. Crawford, and Samuel Kingan, together, six fortieths; James Strain, Franklin Strain, Mary Wooley, Robert J. Strain, Harvey Strain, Nancy M. Harper, Margaret A. Crooks, E. M. Kinnear, Mary J. Williams, W. J. Kinnear, J. R. Kinnear, Emma Eaton, and M. M. Kinnear, together, thirteen fortieths; Hiram Rankin and Samuel J. Rankin, together, one fortieth; R. A. Kingan, S. J. Kingan, Mary W. Kingan, Maggie Kingan, and Nancy J. Flake, together, five fortieths; the Rev. Cyrus B. Hatch, one fortieth. It prayed a review and correction of the proceedings and the decree and the suspension of the distributing of the proceeds.

The answer of Rev. Cyrus B. Hatch to the bill of review claims that all the parties agreed upon the mode of distribution "set forth in original proceedings, and subsequent actions herein, and are hereby estopped from now objecting to the same;" that there was no mistake in the agreement to the several proportions made in original proceedings; that as an heir and devisee he is entitled to one seventh; that the court had "properly and finally passed upon and decided upon the petition to amend. He 'denies' the charge of actual fraud and studied concealment so far as he is concerned, or has knowledge of, as well as any and all illegal or immoral acts charged."

The answer of Hiram Rankin, in behalf of himself and his brother, S. J. Rankin, that the will had been contested in the common pleas and supreme courts by respondent, acting for his mother, then living, and other of the heirs; *ergo,* its provisions were well known to petitioners and all interested; that after the death of Robert Kingan, the life tenant, the question as to the distribution under the will of Samuel was "somewhat discussed, and opinions of attorneys taken by some of the heirs; the weight of opinion being decidedly in favor of the distribution being *per stirpes;*" that respondent believes no mistake of law was made in setting forth the interests of the heirs or devisees under the will, but that the devisees are correctly set forth as entitled to claim by classes; the two sisters living at testator's death being each entitled to one seventh, and the children and grandchildren of deceased brothers and sisters, by representation; that great confusion and complication would result if said change should be allowed as to all past transactions; everything being based on the interests as stated in the petition, to which a copy of the will was attached.

The court filed the following opinion on the petition for an amendment of the decree:

This case is not distinguishable in principle from Baskin's Appeal, 3 Pa. St. 304, 45 Am. Dec. 641. In the gift of the remainder of his estate to his "legal heirs," testator had in view the statute of distributions, and consequently the *per stirpes* rule. See Osburn's Appeal, 31 Pittsb. L. J. 247.

The expression "share and share alike" is applicable as well to individuals as classes. Id.

No case has been found in which, standing alone, it has been construed by the supreme court of this state to limit or modify the operation of the statute of distributions in respect of the proportions the next of kin should take; on the contrary, in Baskin's appeal, 3 Pa. St. 304, 45 Am. Dec. 641, and in Wood's Appeal, 18 Pa. 478, distribution *per stirpes* was made, notwithstanding this and stronger expressions were used.

Particular expressions must yield to the general intent manifested in the will. The first and main object of the testator was to provide for his brother during life, and after that the manifest purpose was that his legal heirs should share alike, in accordance with the statutes of distribution; and therefore *per stirpes*. This, as was said in Baskin's Appeal, 3 Pa. St. 304, 45 Am. Dec. 641, produces equity.

The opinion of the court upon the bill of review was as follows:

The questions raised by this bill of review were fully argued and considered upon the application to amend the petition for partition of the decedent's real estate; and while there is some doubt as to the proper construction of his will, the weight of authority seems to support the construction then given to it. The will gave a life estate to the testator's brother, and directed that at his death the real estate should be divided among his legal heirs, share and share alike. Reference must be had to the intestate laws to ascertain the persons the testator intended as his beneficiaries. There they are classified, and the reasonable presumption is that the testator had this classification in view. And as the words "share and share alike" apply as well to classes as to individuals, it seems he intended that each class should share equally, and the heirs would therefore take *per stirpes*. For these and other reasons given in the opinion heretofore filed, the bill for review must be dismissed.

The assignments of error specified the action of the court: (1) In decreeing that the bill of review be dismissed; (2) in not reviewing and correcting the record and decree of partition, so that the same should direct partition to be made among the parties as follows: to Robert Kingan, Jane Boreland, Elizabeth Bentz, Mary K. Hautch, Amanda Hutchman, Wm. T. Kingan, J. K. Lemon, James H., Wm. L., Archibald M., Jno. L., Charles W. and Mary A. Alston, Mary Elder, Margaret R. Greaves, A. W. Kingan, Robt. J. Kingan, Elizabeth J. Crawford, Samuel Kingan, James Strain, Franklin Strain, Mary Wooley, Robert J. Strain, Harvey Strain, Nancy M. Harper, Margaret A. Crooks, E. M. Kinnear, Mary J. Williams, W. L. Kinnear, J. R. Kinnear, Emma Eaton, M. M. Kinnear, R. A. Kingan, S. J. Kingan, Mary W. Kingan, Maggie Kingan, Nancy J. Flake and Cyrus B. Hatch, each one fortieth. To James Brownlee, Sr., for life, with remainder to Mary Van-Horn and James Brownlee, Jr., one fortieth. To Hiram Rankin and Samuel J. Rankin, each, one eightieth; (3) in not reviewing and correcting the decree of partition, so that the same should provide for a *per capita* division of the real estate of which Samuel Kingan died seised, among his heirs and their representatives; (4) in awarding costs to J. K. Lemon, S. J. Rankin, Hiram Rankin, and Cyrus B. Hatch, upon dismissing the appellants' bill of review; and (5) in not giving appellants their costs upon their bill of review, at least against J. K. Lemon, S. J. Rankin, Hiram Rankin, and Cyrus B. Hatch.

*D. M. Alston* and *W. Macrum,* for appellants.—The will of Samuel Kingan directs a *per capita* partition of his realty, and leaves the intestate law in force as to his personalty. His meaning is perfectly plain, and the rules of construction resorted to in doubtful cases have no application. We must impute to him a knowledge of the meaning of the words he used, and give effect to all the words according to their natural sense.

The plain meaning of the words of the will, if lawful, must be enforced. "It is a rule of common sense, as well as law, not to attempt to construe that which needs no construction." Reck's Appeal, 78 Pa. 432; Bainbridge's Appeal, 97 Pa. 482; Biddle's Appeal, 99 Pa. 525.

It is only where the will leaves the intention imperfectly expressed, or doubtful, that rules of construction are applicable.

"They are never allowed to defeat a plain intent expressed. Still v. Spear, 45 Pa. 168. See also Dible's Estate, 81* Pa. 279.

In Harris's Estate, 74 Pa. 452, Judge SHARSWOOD said: "All artificial rules of this kind must yield to the intention of the testator, whether expressed or implied." The artificial rule he refers to is that implied in Baskin's Appeal, 3 Pa. St. 304, 45 Am. Dec. 641.

See also Witmer v. Ebersole, 5 Pa. 458; Risk's Appeal, 52 Pa. 269, 91 Am. Dec. 156.

In Bender's Appeal, 3 Grant Cas. 210, LEWIS, C. J., quotes the phrase "share and share alike," and says: "Here is a very clear indication of the proportion in which the legatees are to take." See Witmer v. Ebersole, 5 Pa. 458; Wood's Appeal, 18 Pa. 478, and Osburn's Appeal, 104 Pa. 637.

"The expressions in each will must be attended to; for according as the distribution is directed by the testator so it must be made." Roper, Legacies, chap. 11, § 16, pp. 157, et seq., treating especially of distribution per capita, per stirpes, or both. See also Id. 136, 124, 101, and English cases there collated.

In 2 Redfield, Wills, *86, after referring to certain English decisions that a devise to relations means those entitled under the statute, and that, whether in equal degree or not, they take per capita unless there is something to indicate a different intention, the learned author adds: "Where the words of the will direct an equal distribution there can be no question." See 2 Jarman, Wills, *99, at foot; Id. *109, citing Mattison v. Tanfield, 3 Beav. 132. See also Lyon v. Acker, 33 Conn. 222.

In our case the rule is explicit: "share and share alike;" and this immediately following a designation of the persons who are to take, in words quite free from any glimpse of an intention to classify them. In the cases under the rule alluded to, there is no explicit direction, but a per capita distribution is produced by mere implication. The evidence of a different intent must come from some other part of the will itself. Myres v. Myres, 23 How. Pr. 410; Daggett v. Slack, 8 Met. 453; Huston v. Crook, 38 Ohio St. 328; Tuttle v. Puitt, 68 N. C. 545; Blackler v. Webb, 2 P. Wms. 383; Northey v. Strange, 1 P. Wms. 340–342; Dible's Estate, 81* Pa. 279; Thomas's Estate, 18 W. N. C. 28.

Ours is a much stronger case for the per capita rule than the Thomas Case, where: (1) There were legacies of unequal

amount to several heirs; and (2) there was a republication of the will after a sister had died leaving three children. Heron v. Stokes, 2 Dru. & W. 89; Freeman v. Knight, 37 N. C. (2 Ired. Eq.) 75; Parrish v. Groomes, 1 Tenn. Ch. 585; Richards v. Miller, 62 Ill. 417–425; Pitney v. Brown, 44 Ill. 363; Stevenson v. Lesley, 70 N. Y. 512–516. See cases on this subject in 2 Wms. Exrs. 1513, note q. chap. 1, § 4.

Balcom v. Haynes, 14 Allen, 204, is a clear case of a classification.

So of Lyon v. Acker, 33 Conn. 222, and several of the other cases cited above.

*James Bredin,* for appellees.—The orphans' court has no jurisdiction to partition an estate in cases of testacy, except where the devisees take the same interests therein that they would have taken under the intestate laws. Vowinckel v. Patterson, 7 Sad. Rep. 165.

There can be no partition of two estates under the act of 1869, in the same proceedings, except where the coparceners stand to both estates as they would do if claiming them under the intestate laws, taking the same interest in each estate, and thus admitting of a division as though both estates had been owned by the deceased intestate.

The effect of amending the petition and decree so as to set forth that the coparceners had different interests as devisees in Samuel Kingan's real estate from that held by them as heirs in Robert Kingan's, and that consequently a different and necessarily a separate and distinct division would have to be made of each estate, would, we fear, invalidate the entire proceedings, overthrow the titles acquired thereunder, and plunge the settlement of the estate into inextricable confusion. Even if a mistake as to the law has been made by the coparceners and their attorney, justice to innocent parties who have acted on the decree would now require that the petitioners be held to it. They are estopped by their own petition. Young v. Babilon, 91 Pa. 280. The decree is conclusive. Herr v. Herr, 5 Pa. 428, 47 Am. Dec. 416.

And the mistake, which is one of law only, is not remediable. Story, Eq. Jur. § 130, note 2; Good v. Herr, 7 Watts & S. 253, 42 Am. Dec. 236.

This case is not distinguishable from Wood's Appeal, 18 Pa. 478. The words of the will are identical, and the effect of the construction claimed by appellants would be the same as that given as a reason by the court in that case for affirming the decree, that is, give to the children of nephews a share equal to the testator's own brothers and sisters, which could scarcely be supposed to accord with his intention. Young's Appeal, 83 Pa. 59, also sustains the court below. See also Burgin v. Patton, 58 N. C. (5 Jones, Eq.) 426.

● PER CURIAM:

As to the power of the court below to entertain this bill of review we say nothing, since, on the main question, that of distribution under the will of Samuel Kingan, the opinion of the court below, although brief, is so complete and so fully expresses the law governing the controversy in hand, that we can do nothing better than concur in it.

Appeal dismissed and decree affirmed, at costs of appellants.